# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-864V
Filed: January 10, 2017
Not for Publication

```
*************************************
KENNETH BITTICKS,                   *
                                    *
            Petitioner,             *
                                    *
v.                                  *    Attorneys' fees and costs decision;
                                    *    reasonable attorneys' fees and costs
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

<u>Alison H. Haskins</u>, Sarasota, FL for petitioner.
<u>Linda S. Renzi</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### **DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On August 12, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged he developed Guillain-Barré syndrome and chronic inflammatory demyelinating polyradiculoneuropathy as a result of his receipt of influenza vaccine. On September 12, 2016, the undersigned issued a damages decision in this case pursuant to the parties' stipulation awarding petitioner $218,368.00 in compensation.

On January 5, 2017, petitioner filed a motion for attorneys' fees and costs requesting

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

attorneys' fees in the amount of $44,697.30 and attorneys' costs in the amount of $1,747.94, for a total request of $46,445.24. In compliance with General Order #9, petitioner's counsel filed a signed statement from petitioner stating he incurred no out of pocket expenses in litigating his claim.

On January 10, 2017, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's attorneys' fees and costs request is reasonable. Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$46,445.24**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA in the amount of **$46,445.24**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 10, 2017                                     s/ Laura D. Millman
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.